1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CORY PHILLIPS and JILISSA SPENCER,<br><br>                    Plaintiffs,<br><br>     v.<br><br>"MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, *et al.,*<br><br>                    Defendants. | 1:09-CV-01028-OWW-SMS<br><br>MEMORANDUM DECISION RE: DEFENDANT DHI MORTGAGE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED (Doc. 4) |
| --- | --- |

## I.  INTRODUCTION

Defendant lender DHI Mortgage Company, Ltd. ("DHI Mortgage") moves to dismiss as meritless *pro se* Plaintiffs Cory Phillips and Jilissa Spencer's ("Plaintiffs") thirteen claims arising from default and foreclosure on their first and second mortgages which were secured by deeds of trust on real property located at 722 Orestimba Peak Drive, Newman, California 95360; APN: 026-061-014. Defendant DHI Mortgage served the motion on *pro se* Plaintiffs at their Orestimba Peak Drive address on June 23, 2009.  (Doc. 8.)  To date, Plaintiffs have not filed an opposition to DHI's motion.  Nor have Plaintiffs file a statement of non-opposition pursuant to

1

1  Local Rule 78-230(c).[1]

2

3                    II.   **BACKGROUND**

4       This case arises out of the purchase of a single family home

5  in California in April 2006 by Plaintiffs, Cory Phillips and

6  Jilissa Spencer.[2]   On April 20, 2006, Plaintiffs purchased the

7  property with funds obtained from DHI Mortgage's first and second

8  mortgage, and secured by deeds of trust and corresponding

9  promissory notes.  A December 8, 2008 notice of default and

10  intention to sell was recorded for the property with the Stanislaus

11  County Recorder.

12       The Complaint, which is devoid of any specific facts as to

13  Plaintiff's loan, contains general allegations that have been

14  serially asserted against Defendant DHI Mortgage in numerous other

15  lawsuits.[3]   Plaintiffs allege that defendants participated in

16

17       [1]  In connection with its motion to dismiss, Plaintiff
18  submitted a request for judicial notice of Complaints filed in
    three other actions not involving the parties to the present
19  lawsuit. (Doc. 6.) According to DHI, these Complaints are "almost
    identical versions of the Complaint Plaintiffs filed in this
20  action." DHI's unopposed request is GRANTED.  Federal courts may
    "take notice of proceedings in other courts, both within and
21  without the federal judicial system, if those proceedings have a
    direct relation to the matters at issue." *U.S. ex rel Robinson*
22  *Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th
    Cir. 1992).
23

24       [2]  In addition to DHI Mortgage, the complaint names as
    defendants Chicago Title Company, Mortgage Electronic Registration
25  Systems, Indymac Bank FSB, and NDEX WEST, LLC. Each defendant is
    either a loan service provider or deed of trust provider. These
26  defendants are "somewhere in the chain of loan service providers
    and [have] no other interest in this Note."  (Compl. ¶ 3(a)-(f).)
27

28       [3]  Plaintiffs' Complaint is attached as "Exhibit A" to
    Defendants' Notice of Removal, filed on June 11, 2009. (Doc. 1.)

                                2

"unethical business practices" and "violated both State and Federal Law" by selling and distributing loans "that would ultimately be sold to unqualified applicants." (Compl. ¶ 12.) Plaintiffs contend that defendants had information that "reflected their inability to pay for the risky loan," and that "defendants knew or should have known [the sale of such loans] may result in foreclosure, absent serial refinancing into even higher cost loans." (Compl. ¶ 19.) The complaint further alleges:

> These loans were neither proper nor suitable for [plaintiffs'] condition and station in life. These loans exceeded the reasonable expected value of the property at that time and in the foreseeable future, based upon expected market changes. Those loans were an attempt to acquire mortgage broker premiums, appraiser fees, lender service fees and sub-prime loans, all to the advantage of the defendants and disadvantage of the plaintiff. This was done as a group of individuals in this industry through concerted action or through civil conspiracy, all to the disadvantage of the Plaintiff.

(Compl. ¶ 30.)

On April 13, 2009, Plaintiffs filed the instant action in Stanislaus County Superior Court, alleging thirteen causes of action: (1) Suitability; (2) Negligence; (3) Negligence Per se; (4) Breach of Fiduciary Duty; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; (7) Breach of the Covenant of Good Faith and Fair Dealing; (8) Failure to Produce the Notes; (9) Unfair Lending Practices; (10) Restoral of Good Credit History; (11) Violation of Cal. Civ.Code 2923.5; (12) Unfair Lending Practices; and (13) "To Restrain a Wrongful Foreclosure Agent."

Plaintiffs seek to recover compensatory, statutory, and punitive damages. (Compl. ¶ 94-96.) Plaintiffs also request "[i]njunctive relief including the issuance of a restraining order

3

and thereafter a preliminary injunction to maintain the status quo pending final adjudication." (Compl. ¶ 97.)

On June 11, 2009, this case was removed on the basis of federal question jurisdiction. The notice of removal asserts that Plaintiffs' action is founded on claims arising under federal laws, including the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § § 2601-2617, and Regulation Z, 12 C.F.R. § 226 et seq. (Doc. 1, ¶ 2.)

On June 23, 2009, DHI filed a motion to dismiss. Plaintiff did not oppose the motion.

### III.  <u>LEGAL STANDARD</u>

DHI Mortgage attacks Plaintiffs' claims as incognizable and lacking necessary elements and factual allegations. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 2009 WL 2052985, at *6 (9th Cir.

5

July 16, 2009) (internal quotation marks omitted).

## IV.   DISCUSSION

### A. *Suitability (Count I)*

The complaint's suitability claim alleges that "defendants breached their professional duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for the plaintiffs' personal financial condition and well-being." (Compl. ¶ 33.)

DHI Mortgage notes that suitability is an incognizable claim by a borrower against a lender.  "The unsuitability doctrine is premised on New York Stock Exchange Rule 405-Know Your Customer Rule and the National Association of Securities Dealers Rules of Fair Practice." *O'Connor v. R.F. Lafferty & Co., Inc.*, 965 F.2d 893, 897 (10th Cir. 1992).  DHI Mortgage correctly observes that California law does not extend the suitability doctrine to the mortgage lender-borrower relationship.  "Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner v. Benson*, 101 Cal. App. 3d 27, 34 (1980).  The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal. App. 3d at 34 (lender lacked duty to disclose "any information it may have had").  Plaintiffs' suitability claim fails as incognizable against DHI Mortgage.

Plaintiffs' conclusory assertions that DHI breached its professional obligations, which were not developed pursuant to a timely filed opposition, lack evidentiary and legal support. Plaintiffs' "suitability" cause of action is not cognizable legal

theory against DHI Mortgage.  The motion to dismiss this claim is GRANTED.

**B. _Negligence (Count II)_**

The complaint's negligence claim alleges that defendants breached their "professional services" duty in that "plaintiffs were placed into loans that were inappropriate for their personal financial circumstances."  (Compl. ¶ 34.)  DHI Mortgage contends that the negligence claim fails in absence of "a legally recognized duty that a lender has to a borrower."  (Doc. 4, 4:23-4:25.)

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury."  *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  *Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 278 (2004) (citation omitted).

DHI Mortgage correctly notes the absence of an actionable duty between a lender and borrower in that loan transactions are arms-length and do not invoke fiduciary duties.  Absent "special circumstances" a loan transaction "is at arms-length and there is no fiduciary relationship between the borrower and lender."  *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466 (2006).  A lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  *Wagner*,

101 Cal.App.3d at 35 (citations omitted). "[A] s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).

DHI Mortgage recognizes the absence of a lender's duty to ensure a loan is suitable for a borrower. "No such duty exists" for a lender "to determine the borrower's ability to repay the loan .... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D.Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan").

Plaintiffs' negligence claim lacks a recognized legal duty owed by DHI Mortgage to them.  The complaint lacks allegations that Plaintiffs relied on DHI Mortgage's loan processing to ensure their ability to repay the loan. The complaint further lacks facts of special circumstances to impose duties on DHI Mortgage in that the complaint depicts an arms-length home loan transaction, nothing more. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plaintiffs do not meet this burden.  The

motion to dismiss its negligence is GRANTED.

DHI Mortgage also contends that the economic loss doctrine "precludes recover under a negligence theory because Plaintiffs' claims for damages are purely economic damages." (Doc. 4, 6:25-6:28.)  "[P]laintiffs may recover in tort for physical injury to person or property, but not for purely economic losses that may be recovered in a contract action." *W.R. Grace & Company*, 37 Cal. App. 4th 1318, 1327 (1995).  "In California, plaintiffs may seek remedies for strict liability and negligence only for physical injury to person or property, and not for pure economic losses." *Cal. Dept. Of Toxic Substances v. Payless Cleaners*, 368 F. Supp. 2d 1069, 1084 (E.D.Cal. 2005) (citing *Seely v. White Motor Co.*, 63 Cal.2d 9, 18-19,(1965)).  "Therefore, unless physical injury occurs, a plaintiff cannot state a cause of action for strict liability or negligence." *Payless Cleaners*, 368 F.Supp.2d at 1084.

Since Plaintiffs' alleged damages are purely economic, the economic loss doctrine supports dismissal of the negligence claim. DHI Mortgage's motion to dismiss is GRANTED.


C. *Negligence Per Se (Count III)*

The complaint's negligence per se claim alleges that defendants are "subject to California Statutes and Provisions that govern and direct their conduct.  Plaintiffs are members of the class of citizens of the State of California for whose benefit the Statutes and Codes are enacted, and for whose protection the Statutes dealing with the Fair Lending Act under California Law are meant to provide." (Compl. ¶ 38.)  DHI Mortgage contends that the negligence per se claim fails as a matter of law because negligence

per se doctrine does not apply to mortgage lending.

California Evidence Code section 669(a) addresses negligence per se and provides that a presumption of failure to exercise due care if: (1) Defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature which the statute, ordinance or regulation was designed to prevent; and (4) the injured party was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

DHI Mortgage submits that the negligence per se doctrine does not establish a cause of action distinct from negligence.  This argument is meritorious.   "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed." *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.*, 62 Cal. App. 4th 1166, 1178 (1998).  The negligence per se doctrine assists as evidence to prove negligence. "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 333 (1991).

Plaintiffs' negligence per se claim fails just as their negligence claim fails, i.e., there is no liability absent a viable duty.  In support of dismissal, DHI Mortgage also faults the

negligence per se claim's failure to identify a specific statute that DHI Mortgage violated and the class of persons that the unidentified statute was intended to protect. DHI Mortgage is correct, and for these reasons, the negligence per se claim fails against DHI Mortgage.

Defendant's motion to dismiss the negligence per se claim is GRANTED.

### D. *Breach of Fiduciary Duty (Count IV)*

The complaint's breach of fiduciary duty claim alleges that defendants breached their fiduciary duty by failing "to perform their duties, obligations and functions in a fair, upstanding, honest and forthright manner, to conduct themselves so that the plaintiff would experience the benefit or [sic] their professional education and training, and to place plaintiff's interests above and before the interest of the defendants."

Fatal to Plaintiffs' fiduciary duty claim is the absence of a fiduciary duty between lender and borrower.  "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark*, 231 Cal. App. 3d at 1093, n. 1 (citing *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989)).  A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231 Cal. App. 3d at 1093, n. 1 (citing *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 67, 1988)).  Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management*, 145 Cal. App. 4th at 466 ("the bank is in no sense a true fiduciary").

11

"[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (1991).

Here, the complaint fails to demonstrate existence of a fiduciary duty.  In the absence of alleged special circumstances and a legal duty owed by DHI Mortgage, the breach of fiduciary duty claim fails.  Defendant's motion to dismiss the breach of fiduciary claim is GRANTED.

### E. *Negligent and Intentional Misrepresentation (Counts V-VI)*

The complaint's negligent misrepresentation claim alleges that defendant breached their duty "to provide accurate, truthful and complete information by failing to provide the information to the plaintiff in a manner that they could understand" and "failed to provide all the information necessary for the plaintiff to make a complete, accurate and well-thought decision." (Compl. ¶ 46.)  The complaint's intentional misrepresentation claim alleges that defendants "intentionally misrepresented the nature of loans." (Compl. ¶ 50.)

DHI Mortgage argues that Plaintiffs' fifth and sixth causes of action should be dismissed for failure to state a claim because the claims are not pled with particularity, as required by Rule 9 of the Federal Rules of Civil Procedure.[4]

---

[4] Rule 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled

**12**

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003). A fraud claim is subject to dismissal when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir.2003). A motion to dismiss a claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the "functional equivalent" of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, Rule 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1997)). The Ninth Circuit Court of Appeals has

---

sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003) (citations omitted).

explained:

> Rule 9(b) requires particularized allegations of the circumstances constituting fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth.... [W]e [have] observed that plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." ... The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading....
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir.1994) (en banc) (italics in original) superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D.Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois*, Inc., 125 Cal. App. 4th 513, 519 (2004).

14

1   "[T]o establish a cause of action for fraud a plaintiff must
2   plead and prove in full, factually and specifically, all of the
3   elements of the cause of action. *Conrad v. Bank of America*, 45
4   Cal.App.4th 133, 156 (1996). There must be a showing "that the
5   defendant thereby intended to induce the plaintiff to act to his
6   detriment in reliance upon the false representation" and "that the
7   plaintiff actually and justifiably relied upon the defendant's
8   misrepresentation in acting to his detriment." *Conrad*, 45
9   Cal.App.4th at 157.

10   The complaint is severely lacking and fails to satisfy Rule
11   9(b) "who, what, when, where and how" requirements as to DHI
12   Mortgage, as well the other defendants. *See Tarmann v. State Farm*
13   *Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (a plaintiff
14   asserting fraud against a corporate employer must "allege the names
15   of the persons who made the allegedly fraudulent representations,
16   their authority to speak, to whom they spoke, what they said or
17   wrote, and when it was said or written.") The complaint fails to
18   establish fraud elements. The fraud allegations do not target
19   particular defendants, and the complaint's global approach is
20   unsatisfactory. The fraud claims' deficiencies are so severe to
21   suggest no potential improvement from an attempt to amend. The
22   fifth and sixth causes of action are DISMISSED against DHI
23   Mortgage.

24

25   **F. *Implied Covenant of Good Faith and Fair Dealing (Count VII)***
26   The complaint's seventh claim alleges that DHI Mortgage
27   breached the covenant of good faith and fair dealing, which,
28   according to Plaintiffs, required DHI to "deal fairly and in good

15

faith with the plaintiff and not seek to take an undue advantage of the plaintiff in their weakened bargaining position and with their lesser knowledge, skill, education and ability regarding the loan transactions."  (Compl. ¶ 56.)

DHI Mortgage notes the uncertainty whether the claim proceeds under contract or tort law.

### i. *Contract*

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena,* 114 Cal.App.4th 1089, 1093-1094 (2004) (citation omitted.)  "Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant." *Smith*, 225 Cal. App. 3d at 49.

DHI Mortgage correctly notes that the absence of allegations to identify a particular contract or breach.  The complaint references "oral and/or written agreements with all defendants" but fails to specify or detail such agreements.  The complaint's conclusory allegations fail to support a contractual relationship upon which to base an alleged breach of the implied covenant of good faith and fair dealing.  DHI Mortgage further faults the breach of implied covenant of good faith and fair dealing claim for

16

addressing alleged wrongs prior to contract formation. DHI is correct that it could not have breached a contractual obligation prior to contract formation.   To the extent it was advanced, Plaintiffs' purported contract claim fails.   The implied covenant of good faith claim is DISMISSED.

### ii. *Tort*

DHI Mortgage also challenges the breach of covenant of good faith and fair dealing claim's failure to allege a special relationship to invoke tort liability.  "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (applying California law).   "Moreover, even if there were a contractual relationship between the parties, [plaintiffs] have pled no facts establishing a 'special relationship' between them which could justify extending tort liability for bad faith to the present context."  *Smith*, 225 Cal. App. 3d at 49.

The "implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length."  *Pension Trust Fund*, 307 F.3d at 955.  California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (borrower precluded to assert tortious

17

breach of implied covenant of good faith and fair dealing claim against lender). A lender generally owes no fiduciary duty to a borrower unless "it excessively controls or dominates the borrower." *Pension Trust Fund*, 307 F.3d at 955.

No special relationship arises between mortgage lender DHI Mortgage and the borrower plaintiff. The complaint makes no attempt to allege such a special relationship with meaningful facts. The breach of implied covenant of good faith and fair dealing claim fails in absence of allegations of a sufficient contractual or special relationship between DHI Mortgage and plaintiffs. The implied covenant tort claim is DISMISSED.

### G. *Failure to Produce the Note (Count VIII)*

The complaint's eighth cause of action alleges that defendants "have not produced the Note to prove who the real party in interest is" and "[n]one of the defendants are the real party in interest as they have not provided nor can they provide the Note." (Compl. ¶¶ 61-63.)

Like many other borrowers subject to foreclosure, Plaintiffs appear to argue DHI needs to possess the original promissory note to permit foreclosure. This is not the law in California and a totally discredited claim within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

It is well-established that non-judicial foreclosures can be commenced without producing the original promissory note. Non-judicial foreclosure under a deed of trust is governed by California Civil Code section 2924, *et seq.* Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their

18

authorized agents" may conduct the foreclosure process. California courts have held that the Civil Code Provisions "cover every aspect" of the foreclosure process, *I.E. Assoc. v Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985), and are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). There is no requirement that the party initiating foreclosure be in possession of the original note. *See, e.g., Candelo v. NDEX West*, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also Vargas v. Reconstruction Co.* , 2008 U.S. Dist. LEXIS 100115, at *8-9 (E.D. Cal. Dec. 1, 2008).   Plaintiffs' eighth cause of action for failure to produce the note is incognizable and fails as matter of law.   It is DISMISSED.

### H. *Unfair Lending Practices (Count IX)*

The complaint's unfair lending practices claim alleges that defendants "violated various California Statutes defining unfair lending practices" and "made a home loan to the plaintiffs without determining or using commercially reasonable means or mechanisms that the borrowers had the ability to repay the loan." (Compl. ¶¶ 66-67.)   However, the complaint neither identifies the specific statutes violated by DHI Mortgage nor DHI Mortgage's wrongs to violate such statutes.   While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. 1937, 1949.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.   The unfair lending practices claim fails far short of an identifiable claim and is DISMISSED.

## I.   *Restoral of Good Credit History (Count X)*

The complaint's tenth cause of action for "restoral of good credit history" requests "restoral" of Plaintiffs' "reputation and good credit history."

DHI Mortgage correctly notes that the claim merely states a remedy, not a cause of action, and fails since it is premised on Plaintiffs' other flawed claims.   The tenth claim is DISMISSED.

## J.   *Wrongful Foreclosure (Count XI)*

The complaint's eleventh claim is comprised of one untitled paragraph, however, it appears to claim wrongful foreclosure:

> "Defendants, each of them, were aware of senate [sic] Bill 1137, which became law September 8, 2008 and as stated in [California Civil Code] 2923.5, due diligence, which set forth the requirement that any or all notice of default and or [sic] Notice of Trustee Sale must include a statement of affirmation reflecting that the Beneficiary and or [sic] its authorize [sic] trustee has complied within the herein above statute. Plaintiff state [sic] that the Notice of Default filed on DECEMBER 08, 2008 must be set aside for willful failure to comply with the law."

(Compl. ¶ 70.)

California Civil Code section 2923.5 ("section 2923.5") requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. Section 2923.5(a)(2) requires a

"mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

Here, the complaint does not include a single factual allegation that DHI Mortgage participated in the notice of default or notice of trustee sale; the complaint also fails to identify who issued and recorded the notice of default.  DHI Mortgage is correct that the claim lacks sufficient allegations for a viable claim.

### K.  _Unfair Lending Practices (Count XII)_

The complaint's twelfth cause of action is entitled "Unfair Lending Practices" but appears to attempt to re-allege fraud and breach of fiduciary claims. The twelfth cause of action alleges that "defendants committed acts of misrepresentations and fraud as so [sic] the terms of the loans, mortgage, and sale of the property with the intent to exert undue influence."  The claim further alleges: "Due the defendants [sic] undue influence, they received a deed of trust to the property for a loan that plaintiffs should not have given or been allowed to take."

To the extent Plaintiffs' twelfth claim seeks to recover for fraud and breach of fiduciary duty, it fails for the reasons discussed above, i.e., Plaintiffs' allegations do not satisfy Rule 9(b) and there is no fiduciary relationship between Plaintiffs and

1  DHI Mortgage.  To the extent it attempts to allege undue influence,

2  the complaint also fails due to the absence of allegations of a

3  pattern of activity to support undue influence.[5]  Plaintiffs'

4  twelfth cause of action is DISMISSED.

5

6      **L.  _Wrongful Foreclosure (Count XIII)_**

7      The complaint's thirteenth claim entitled "To restrain a

8  Wrongful Foreclosure," alleges that the "representation as stated

9  on the Notice of Default were [sic] a false representation" and

10 that defendants "have foreclosed on a property that they had no

11 right to foreclose upon." The claim includes identical allegations

12 as the eighth cause of action regarding lack of physical possession

13 of the promissory notes.

14     Like similar claims, the restraint of wrongful foreclosure

15 claim is deficient.  The claim fails to allege that DHI Mortgage

16 commenced foreclosure and to identify the text, source and alleged

17 reliance on a misrepresentation.  The claim pinpoints no alleged

18 wrongdoing to a specific defendant with requisite sufficiency.  To

19 the extent the claim seeks equitable relief, it fails in that it is

20

21     [5] Undue influence "involves a type of mismatch." _Myerchin v._
22 _Family Benefits, Inc._, 162 Cal. App. 4th 1526, 1540 (2008). Undue
   influence is "generally accompanied by certain characteristics
23 which tend to create a pattern. The pattern usually involves
   several of the following elements: (1) discussion of the
24 transaction at an unusual or inappropriate time, (2) consummation
   of the transaction in an unusual place, (3) insistent demand that
25 the business be finished at once, (4) extreme emphasis on untoward
   consequences of delay, (5) the use of multiple persuaders by the
26 dominant side against a single servient party, (6) absence of
   third-party advisers to the servient party, (7) statements that
27 there is no time to consult financial advisers or attorneys."
   _Myerchin_, 162 Cal. App. 4th at 1540.
28

premised on the other flawed claims. The thirteenth claim is DISMISSED.

**M.** *Punitive Damages*

The intentional misrepresentation and unfair lending practices claims and complaint's prayer reference punitive damages. DHI Mortgage seeks to strike the punitive damages claims in the absence of viable fraud and undue influence claims.

Rule 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "[A] motion to strike maybe used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D.Cal. 1996).

In the absence of viable claims, Plaintiffs lack a claim for punitive damages to warrant striking references to and prayer for punitive damages. The motion to strike punitive damages is GRANTED.

**N.   _Attempt At Amendment_**

Plaintiffs' claims are incognizable or barred as a matter of law.  Plaintiffs are unable to cure their claims by allegation of other facts and thus are not granted an attempt to amend. Defendant DHI Mortgage's motion is GRANTED WITH PREJUDICE.

**V. CONCLUSION.**

For the reasons stated:

(1)   The action against DHI Mortgage is DISMISSED with prejudice.

Defendant DHI Mortgage shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.

IT IS SO ORDERED.

Dated:   __October 2, 2009__          ___/s/ Oliver W. Wanger___
                                      UNITED STATES DISTRICT JUDGE

**24**